## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CELIA DONEZ** ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| **vs.** ) | |
| ) | |
| **PHOENIX CREDIT, LLC** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant** ) | |
| ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Celia Donez, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

## I.      INTRODUCTORY STATEMENT

1.      Plaintiff, Celia Donez (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this district is proper in that Defendant transacts business here and maintains a registered office in this district.

## III.   PARTIES

4.     Plaintiff, Celia Donez, is an adult natural person residing at 202 Ramon Cardenas Drive, Del Rio, TX 78840.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, Phoenix Credit, LLC, at all times relevant hereto, is and was a business entity engaged in the business of collecting debt in the State of Texas and the Commonwealth of Pennsylvania, with a primary office located at 32501 McGavock Pike, Suite 300, Nashville, TN 37214 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   <u>FACTUAL ALLEGATIONS</u>

7.      Plaintiff has experienced a series of extremely harassing communications from Defendant starting in or about September, 2010.

8.      Plaintiff has received no written communication from Defendant including, but not limited to, a thirty day validation notice.

9.      Defendant calls Plaintiff at work on a consistent basis despite being previously informed on numerous occasions that Plaintiff is not allowed personal calls while working.

10.     In an effort to alleviate the calls to her employer, Plaintiff has attempted to give Defendant's agents the number for her personal cell phone.

11.     In most circumstances, agents of Defendant will refuse to write down her cell phone number and instead state to Plaintiff, "No!  You won't call us back!"

12.     Agents of Defendant have left voicemails on an office telephone at Plaintiff's place of employment that states their calls are regarding 'legal action'.

13.     On September 29, 2010 an agent of Defendant, "Mrs. Jamie Jackson," faxed an employment verification form to Plaintiff's human resources department that clearly displays the last four digits of her social security number.

14.     Defendant was completely aware of the status of Plaintiff's employment, as they had contacted Plaintiff at work against her wishes on many occasions.

15.     Additionally, no legal action has been filed against Plaintiff that would indicate Defendant was attempting to obtain Plaintiff's information in respect to a pending wage garnishment.

16.     Defendant's repeated refusal to comply with Plaintiff's request for Defendant to cease contact with her employer, in conjunction with Defendant's unwarranted request for employment verification, were merely obvious attempts to coerce payment from Plaintiff by annoying, abusing and harassing her.

17.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

18.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

21.     The above paragraphs are hereby incorporated herein by reference.

22.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

§ 1692c(a)(3): At place of employment when knows that the employer prohibits such communications

§ 1692c(b):    With anyone except consumer, consumer's attorney, or credit bureau concerning the debt

§ 1692d:       Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692e:       Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2):    Character, amount, or legal status of the alleged debt

§ 1692e(5):    Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:       Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g:       Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE,** Plaintiff respectfully requests that this court enter judgment in her favor and against Phoenix Credit, LLC for the following:

      a.      Actual damages;

      b.      Statutory damages pursuant to 15 U.S.C. §1692k;

      c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

      d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                         **Respectfully submitted,**

                         **WARREN & VULLINGS, LLP**

**Date:  October 27, 2010**         **BY:**   */s/  Brent F. Vullings*
                               Brent F. Vullings, Esquire

                               Warren & Vullings, LLP
                               1603 Rhawn Street
                               Philadelphia, PA  19111
                               215-745-9800   Fax 215-745-7880
                               Attorney for Plaintiff